IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KENNETH DAVID MELTON, et al.,

   Plaintiffs,

     v.

GENERAL MOTORS LLC, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:14-CV-1815-TWT

**OPINION AND ORDER**

This is a products liability case arising out of an allegedly defective ignition switch designed and manufactured by the Defendant General Motors LLC. It is before the Court on the Plaintiffs' Motion to Remand [Doc. 13]. For the reasons set forth below, the Motion to Remand [Doc. 13] is GRANTED.

**I. Background**

On March 10, 2010, Brooke Melton was involved in a fatal car accident. The Plaintiffs Kenneth and Mary Melton – the parents of Brooke Melton – contend that a defective ignition switch in Brooke's 2005 Chevrolet Cobalt caused the accident.[1] This defect allegedly "caused the key in Brooke's car to turn from the run to

---

[1] Compl. ¶ 14.

accessory/off position as she was driving."[2] On June 24, 2011, the Plaintiffs filed their original suit, asserting multiple claims against the Defendant General Motors LLC ("GM"), including claims for strict liability, negligence, and breach of implied warranty.[3] The Plaintiffs also asserted a negligence claim against Thornton Chevrolet, Inc. Specifically, the Plaintiffs alleged that Brooke had taken her car to Thornton for servicing, and that Thornton had failed to properly diagnose why the engine in her Cobalt was abruptly shutting off.[4] On August 22, 2013, based on information they received from GM during the litigation, the Plaintiffs settled their claims against GM.[5] On May 9, 2014, the Plaintiffs voluntarily dismissed their claim against Thornton.[6]

The Plaintiffs then allegedly learned that "GM fraudulently concealed relevant evidence and affirmatively misled them, and that their settlement was based on incomplete and false data, and that GM had withheld that data solely to induce them to settle their case."[7] Consequently, on April 11, 2014, the Plaintiffs attempted to

---

[2]   Compl. ¶ 14.

[3]   Compl. ¶ 142.

[4]   Compl. ¶¶ 220, 224.

[5]   Compl. ¶ 142.

[6]   GM's Resp. to Mot. to Remand, Ex. B.

[7]   Compl. ¶ 144.

rescind the settlement agreement by offering to return the benefit they received thereunder.[8] The Plaintiffs then filed this suit in the State Court of Cobb County. The Plaintiffs sought to rescind the original settlement agreement ("rescission claim"), and renewed their prior claims against GM ("liability claims"). The Plaintiffs also renewed their negligence claim against Thornton. GM removed the case to this Court on the basis of diversity jurisdiction. The Plaintiffs now move to remand.

## II. Discussion

A case filed in state court "may be removed by the defendant to federal court if the case could have been brought originally in federal court."[9] However, when a case is removed to federal court on diversity grounds,[10] "a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed."[11] On a motion to remand, the removing party

---

[8] Compl. ¶ 145.

[9] Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998) (citing 28 U.S.C. § 1441(a)).

[10] Under 28 U.S.C. § 1332(a), district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum . . . of $75,000 . . . and is between . . . citizens of different States."

[11] Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

"bears the burden of showing the existence of federal subject matter jurisdiction,"[12] and the Court must "resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party."[13] Here, the Plaintiffs are citizens of Georgia.[14] The Defendant GM is a Delaware limited liability company, and its principal place of business is in Michigan.[15] However, the Defendant Thornton is a corporation organized under Georgia law, and its principal place of business is in Georgia.[16] Thus, complete diversity is lacking.[17]

GM claims, however, that Thornton's citizenship should not be considered because it was fraudulently joined to eliminate diversity. In support, GM argues that there is no real connection between the claims asserted against GM and the claim asserted against Thornton. A plaintiff "may not keep a case out of federal court by

---

[12] Connecticut State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009).

[13] Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

[14] Compl. ¶ 7.

[15] Compl. ¶ 8.

[16] Compl. ¶ 10.

[17] Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." Thus, Thornton is a citizen of Georgia.

fraudulently naming a nondiverse defendant."[18] The Eleventh Circuit has stated that "[j]oinder [is] . . . deemed fraudulent . . . [1] when there is no possibility that the plaintiff can prove a cause of action against the resident . . . [2] when there is outright fraud in the plaintiff's pleading of jurisdictional facts . . . [or] [3] where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant."[19] However, "misjoinder constitutes fraudulent joinder only if it is 'egregious,' . . . 'mere misjoinder' does not constitute fraudulent misjoinder."[20] The burden of establishing fraudulent joinder "is a heavy one."[21]

Here, there is a sufficient connection between the liability claims asserted against GM and the negligence claim asserted against Thornton. First, all of the claims

---

[18] Mississippi ex rel. Hood v. AU Optronics Corp., 134 S. Ct. 736, 745 (2014).

[19] Triggs, 154 F.3d at 1287.

[20] Campbell v. Quixtar, Inc., Civil Action No. 2:08-CV-0045-RWS, 2008 WL 2477454, at *6 (N.D. Ga. June 16, 2008); see also Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated in part by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000) ("We do not hold that mere misjoinder is fraudulent joinder, but we do agree with the district court that Appellants' attempt to join these parties is so egregious as to constitute fraudulent joinder.").

[21] Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1332 (11th Cir. 2011) (internal quotation marks omitted).

arise from the same incident: the March 10, 2010 car accident. Second, the alleged ignition-switch defect is a component of the Plaintiffs' claims against both Defendants. The Plaintiffs assert that GM is liable for having designed the ignition-switch and that Thornton is liable because it failed to diagnose and correct the alleged defect.

This type of connection has previously been found sufficient to defeat a claim of fraudulent joinder. For example, in Luke v. O'Hearn[22] – before the Middle District of Georgia – the plaintiff asserted a negligence claim against O'Hearn for spilling hot cooking grease on the plaintiff.[23] The plaintiff also asserted a Georgia RICO claim against Country Mutual Insurance Company for "provi[ding] [p]laintiff's counsel with false and fraudulent information during their investigation of the underlying liability claim."[24] Country Mutual argued that the claims against the various defendants were "separate and distinct" and thus the defendants had been "fraudulently misjoined."[25] The court rejected this argument, concluding that "[a]ll of the claims in the underlying

---

[22] No. 4:13-CV-535 (CDL), 2014 WL 1153786 (M.D. Ga. Mar. 20, 2014).

[23] Id. at *1.

[24] Id.

[25] Id. at *2.

action arise from the same event[:] the alleged negligent spilling of grease."[26] The court further stated that "[w]hile the claims are distinct and different, it is not obvious that they do not involve some common issues of law and fact."[27] Likewise, in Brooks v. Paulk & Cope, Inc.[28] – before the Middle District of Alabama – the plaintiff had been injured at work when a socket came apart and struck him.[29] The plaintiff filed suit, asserting a failure-to-warn claim against multiple parties responsible for the socket, as well as a worker's compensation claim against the plaintiff's employer.[30] Although the claims shared few similarities, the court nonetheless granted the motion to remand: "The [p]laintiffs have sought several liability against two defendants for damages sustained as a result of the same alleged work-related incident[,] [and] although the claim against one defendant is for workers' compensation and the claims against the others are tort claims, the claims seem to at least involve common questions of fact."[31] Similarly, here, although the various claims will turn on several

---

[26] Id. at *3.

[27] Id.

[28] 176 F. Supp. 2d 1270 (M.D. Ala. 2001).

[29] Id. at 1273.

[30] Id. at 1273.

[31] Id. at 1276.

different facts, they nonetheless arise from a common incident, and thus share common issues.

In response, GM first argues that there is no connection between the rescission claim against GM and the claim against Thornton.[32] But the Plaintiffs do not deny this. They argue that the *liability* claims against GM are related to the claim against Thornton.[33] GM then argues that the Court may not look to the liability claims against GM because they are not viable unless the Plaintiffs prevail on their rescission claim.[34] GM cites to no authority for this argument, and it is without merit. That the *success* of the liability claims is contingent upon the success of the rescission claim is immaterial. These claims are unambiguously asserted against GM in the Complaint, and thus the Court will consider them when deciding whether the joinder was appropriate. Finally, GM argues that the Plaintiffs added Thornton for the sole purpose of defeating diversity. But the United States Supreme Court has made clear

---

[32] GM's Resp. to Pls.' Mot. to Remand, at 3.

[33] GM cites to no authority suggesting that all of the claims against all of the defendants must be related in order for joinder to be appropriate. In fact, the text of FED. R. CIV. P. 20(a)(2) suggests otherwise: "Persons . . . may be joined in one action as defendants if: (A) *any* right to relief is asserted against them jointly, severally, or in the alternative . . . arising out of the same . . . occurrence . . . and (B) *any* question of law or fact common to all defendants will arise in the action."

[34] GM's Resp. to Pls.' Mot. to Remand, at 3, 15.

that "the motive of the plaintiff, taken by itself, does not affect the right to remove."[35] "[A] plaintiff's motivation for joining a defendant is not important as long as the plaintiff has the intent to pursue a judgment against the defendant."[36] GM does not dispute that the Plaintiffs intend to pursue a judgment against Thornton. Accordingly, because GM has failed to satisfy the heavy burden of establishing fraudulent joinder, the Motion to Remand must be granted.

### III. Conclusion

For these reasons, the Court GRANTS the Plaintiffs' Motion to Remand [Doc. 13]. This action is REMANDED to the State Court of Cobb County.

SO ORDERED, this 18 day of July, 2014.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[35] Chicago, R.I. & P. Ry. Co. v. Schwyhart, 227 U.S. 184, 193 (1913).

[36] Triggs, 154 F.3d at 1291.